UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| BENNIE CROSSLEY, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 2:13-cv-172-RL-PRC |
| | ) | |
| CITY OF HAMMOND, *et al.*, | ) | |
| Defendants. | ) | |

**FINDINGS, REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on a Motion for Sanctions [DE 17], filed by Defendants on February 3, 2014. Plaintiff has not filed a response, and the time to do so has passed. On February 4, 2014, District Court Judge Rudy Lozano entered an Order [DE 19] referring this matter to the undersigned Magistrate Judge for a report and recommendation on this motion pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). For the following reasons, the Court recommends that the District Court grant the motion and dismiss Plaintiff's complaint with prejudice.

**I. Background**

Plaintiff filed this lawsuit on April 9, 2013, in Lake County, Indiana, state court, alleging battery and liability under 42 U.S.C. § 1983 for injuries he allegedly sustained while being booked at the Hammond City Jail. Defendants removed this case to the United States District Court for the Northern District of Indiana on May 23, 2013. On August 22, 2013, this Court held a scheduling conference, setting December 31, 2013, as the deadline for completion of fact discovery and for Plaintiff's expert witness disclosures and reports. At that conference Plaintiff's counsel admitted that

he had not served Defendants with the required Federal Rule of Civil Procedure 26 initial disclosures. The Court ordered him to serve Defendants with those disclosures by September 5, 2013.

Defendants represent that Plaintiff has neither served them with these disclosures nor responded to interrogatories and requests for production of documents served during the discovery period. This, Defendants represent, forced the cancellation of Plaintiff's deposition, which was scheduled to take place in September.

To remedy this, Defendants filed a Motion to Compel Discovery on October 16, 2014, which this Court granted on November 14, 2014, after Plaintiff failed to respond. Defendants filed an Affidavit for Fees on November 27, 2013, seeking attorney fees for the work done in preparing the Motion to Compel. Plaintiff again did not respond, and this Court awarded the Defendants $846.00 in attorney fees on January 27, 2014.

Defendants represent that Plaintiff has neither paid the attorney fees nor obeyed the order, leading them to file this Motion for Sanctions on February 3, 2014, which District Judge Rudy Lozano referred to the undersigned Magistrate Judge on February 4, 2014. Plaintiff again did not respond.

On April 2, 2014, The Court issued a notice setting the matter for a motion hearing on April 16, 2014, giving counsel of record, including Plaintiff's attorney, Eduardo Fontanez, electronic notice of the date and time of the hearing. The hearing was held on the scheduled date. Defendants appeared by attorney John McCrum. Plaintiff failed to appear either in person or by counsel and did not contact the Court to explain his absence. At the hearing, defense counsel explained that, as of April 16, 2014, Plaintiff still had not produced Rule 26 initial disclosures, had not responded to

Defendants' discovery requests, had not complied with the Court's Order on the Motion to Compel, and had not paid the attorney fees he owes to Defendants. In light of all these failures, Defendants ask for sanctions against Plaintiff; specifically, they ask that this case be dismissed with prejudice under Federal Rule of Civil Procedure 37.

## II. Analysis

Defendants seek dismissal on two related grounds: Federal Rule of Civil Procedure 37 (b)(2)(A), which provides that Courts may issue sanctions (including dismissal) against parties for failing to comply with a discovery order, and Rule 37(d), which allows for sanctions against parties that fail to serve answers to interrogatories. Rule 37(d), however, also requires that parties seeking sanctions must provide a certification "that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1)(B). Defendants did not provide such a certification, so the undersigned accordingly recommends that Judge Lozano disregard that portion of the motion.

This leaves Defendants' contention that Rule 37(b)(2)(A) supports dismissal of this case. The standard for dismissal under Rule 37(b)(2)(A) is a finding by the court of "willfulness, bad faith or fault" by clear and convincing evidence. *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (citing *In re Golant*, 239 F.3d 931, 936 (7th Cir. 2001); *Langley by Langley v. Union Elec. Co.*, 107 F.3d 510, 514 (7th Cir. 1997); *In re Rimsat, Ltd.*, 212 F.3d 1039, 1046 (7th Cir. 2000)); *but see Ridge Chrysler Jeep, LLC v. DaimlerChrysler Fin. Servs. Americas LLC*, 516 F.3d 623, 625 (7th Cir. 2008) (speculating that *Maynard* might be wrong in requiring a heightened burden of proof).

Default judgment is a drastic sanction. *Rice v. City of Chicago*, 333 F.3d 780, 785–6 (7th Cir. 2003). This circuit "has a well established policy favoring a trial on the merits over a default

3

judgment." *Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007). Indeed, it is an "extreme sanction that should be used only as a last resort." *Robinson v. Champaign Unit 4 Sch. Dist.*, 412 F. App'x 873, 877 (7th Cir. 2011).

As Judge Lozano explained in *Sayles v. Indiana Dep't of Corr.*, courts look "to six factors in evaluating whether dismissal for failure to cooperate with discovery is warranted." 3:11-CV-427, 2013 WL 2403464 (N.D. Ind. May 31, 2013). These are:

> (1) the extent of the party's personal responsibility;
>
> (2) the prejudice to the adversary caused by the failure to respond to discovery;
>
> (3) a history of dilatoriness;
>
> (4) whether the conduct of the party was willful or in bad faith;
>
> (5) the effectiveness of sanctions other than dismissal; and
>
> (6) the meritoriousness of the claim or defense.

*Id.* (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)). The Court balances these factors, and there is no requirement that each of them must support the motion for sanctions. *Id.* "Because dismissal for failure to prosecute involves a factual inquiry, dismissal can be appropriate even if some of the *Poulis* factors are not satisfied." *Id.* (citing *Krieger v. Russell*, 286 F.R.D. 261, 262 (D. Del. 2012)).

The Court considers each factor in turn. First, it is unclear to what extent the responsibility for Plaintiff's abdication lies with Plaintiff personally or with his lawyer, Eduardo Fontanez. Accordingly, this factor does not weigh in favor of dismissal.

Second, there is some prejudice to Defendants as a result of Plaintiff's actions. Though the

4

merits of Defendants' case remain as strong (or as weak) as before, they are prejudiced by being stuck in a litigational limbo, which they are powerless to escape from short of having the case dismissed. So long as Plaintiff refuses to engage in discovery and motion practice, Defendants cannot mount an informed and proper defense. This factor thus weighs in favor of dismissal.

Third, and most significantly, the history of dilatoriness is profound. In fact, it's not quite accurate to call it dilatory; rather, it is a complete abandonment. As detailed above, Plaintiff has not done anything in this case since August 2013, nearly eight months ago. This abandonment makes it impossible for the case to go forward and weighs strongly in favor of dismissal with prejudice.

Fourth, while there is no evidence of active willfulness of bad faith, this is because there is no evidence of active *anything* on Plaintiff's part. The Court construes Plaintiff's refusal to obey Court orders as willful neglect, which weighs in favor of dismissal with prejudice.

Fifth, as evidenced amply above, all prior sanctions and attempts to get Plaintiff to participate in this lawsuit have been utterly inefficacious. Plaintiff has completely failed to comply with this Court's prior orders (both the order to compel and the related order that Plaintiff pay attorney fees to Defendants). The complete lack of responsiveness to lesser sanctions militates against allowing the case to continue.

Sixth, the real strength of Plaintiff's claim is difficult to know because this case remains stuck in its procedural infancy despite being over a year old. Virtually no discovery has taken place, not even Plaintiff's initial disclosures. Though this factor thus sheds little light on whether dismissal is appropriate, insofar as it signifies anything, Plaintiff's failures to cooperate suggest that his case is weak.

Taken in concert, these factors justify dismissal with prejudice. Plaintiff's drastic failures

justify use of a drastic sanction. There is nothing in the record to suggest that lesser sanctions would spur Plaintiff into compliance. If the case cannot be moved forward, it needs to end.

### III. Conclusion

In light of these reasons, the Court **RECOMMENDS** that Judge Lozano dismiss this case with prejudice. This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 17th day of April, 2014.

                                                      s/ Paul R. Cherry
                                                     MAGISTRATE JUDGE PAUL R. CHERRY
                                                       UNITED STATES DISTRICT COURT

cc:     All counsel of record